■ STEPHANIE E. KUREK et al., Respondents, v. PORT CHESTER HOUSING AUTHORITY, Appellant-Respondent, and JOHN A. LIAMMARI, Doing Business as WESTCHESTER METERED LAUNDRY SERVICE, Respondent-Appellant.— In an action by a wife and her husband to recover damages for personal injury, loss of services, etc., in which the defendant Port Chester Housing Authority asserted against the defendant John A. Liammari two cross claims for recovery over, based respectively on contractual and common-law indemnity, said defendants appeal as follows from a judgment of the Supreme Court, Westchester County, entered August 5, 1963 after trial: (a) upon a jury's verdict against both of them in favor of the plaintiff wife for $25,000 and in favor of the plaintiff husband for $2,100; and (b) upon the court's decision in the defendant Housing Authority's favor upon its first cross claim for recovery over against the defendant Liammari: (1) The defendant Housing Authority appeals, as limited by its brief: (a) from so much of the judgment as awarded damages to the plaintiffs against it; and (b) from so much of the court's decision as denied to it recovery over on its second cross claim. (2) The defendant Liammari appeals, as limited by his brief: (a) from the entire judgment; and (b) from said decision. Appeals, insofar as they relate to the court's decision, dismissed, without costs; no appeal lies from a decision. Judgment reversed on the law and the facts and a new trial granted as to all parties, with costs to abide the event, unless, within 30 days after entry of the order hereon, the plaintiff wife shall serve and file a written stipulation consenting to reduce to $15,000 the amount of the jury's verdict in her favor against both defendants, and to modify the judgment accordingly. In the event such stipulation be served and filed, the award to the defendant Housing Authority on its cross claim is correspondingly reduced, and the judgment, as thus reduced and modified with respect to all parties, and insofar as appealed from by the defendants, is affirmed, without costs. In our opinion, under all the circumstances, the verdict in favor of the plaintiff wife was excessive to the extent indicated. Beldock, P. J., Brennan and Hopkins, JJ., concur; Ughetta and Christ, JJ., dissent and vote to reverse the judgment *in toto* and to dismiss the complaint and the defendant Housing Authority's cross claims, with the following memorandum: In our opinion, plaintiffs' evidence at this second trial did not cure the defects in the proofs adduced upon the first trial of the action (see 15 A D 2d 945). Although additional evidence was adduced that the machine had malfunctioned about a month before the accident, there was no notice to defendants as to that occurrence or as to the defect which had caused it; nor was there any proof that that defect was the one which could have caused the accident in which the plaintiff wife was injured.